IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Lynchburg Division)

CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
11/16/2023
LAURA A. AUSTIN, CLERK
BY:  s/ ARLENE LITTLE
DEPUTY CLERK

**KRISTIN ARMBRUST,**

    Plaintiff,

v.

Case No: 6:23CV00071

**BMW OF NORTH AMERICA, LLC,**
Please Serve:
C T Corporation System
4701 Cox Rd Ste 285
Glen Allen, Virginia 23060-6808
    Defendant.

## COMPLAINT

Now into Court, through undersigned counsel, come the Plaintiff, Kristin Armbrust and move the Court for judgment against Defendant BMW of North America, LLC on the basis of the following facts and law:

## JURISDICTION

1. This Honorable Court has Federal Question Jurisdiction of this civil action pursuant to 28 U.S. Code § 1331. The Plaintiff asserts a claim pursuant to the Magnuson-Moss Warranty Act, 15 U.S. Code §§ 2301-2312. The amount in controversy exceeds $50,000.00.

2. This Honorable Court has Diversity Jurisdiction of this civil action pursuant to 28 U.S. Code § 1332, Plaintiff is a citizen of Lynchburg, Virginia, and The Defendant is a corporation organized under the laws of Delaware with a principal place of business at in Woodcliff Lake, NJ. The amount in controversy exceeds $75,000.00.

## VENUE

3.  Venue in this Honorable Court is proper pursuant to 28 U.S. Code § 1391 as this Judicial District is where a substantial part of the events and/or omissions giving rise to the claim occurred. Venue in the Lynchburg Division is proper pursuant to Local Civil Rule 3 because this is where a substantial part of the events and/or omissions giving rise to the claims occurred.

## FACTS

4.  On January 1, 2023, Plaintiff purchased a 2023 BMW X5 from BMW of Charlottesville, located in Charlottesville, Virginia. The total purchase price of the vehicle was $90,587.28.

5.  On April 24, 2023, Plaintiff went to Berglund Luxury Auto located in Lynchburg, Virginia due to the control panel blacking out. Plaintiff tried to reset the system, but the control panel would not come on. The screen for the radio, and back up camera would not come on. The vehicle was out of service due to repair for one day.

6.  On October 6, 2023, Plaintiff went to Berglund Luxury of Lynchburg due to the automatic parking brake system. Plaintiff and her son were leaving Liberty Christian Academy after school and proceeded onto the highway when the vehicle suddenly went into auto brake mode and immediately cut off in the middle of the ramp. The vehicle slammed on the brakes violently jerking the Plaintiff and her son. Once the vehicle had shut off, there were red warning signs that flashed saying "countdown" and "shut off". After the 3 second countdown, Plaintiff was able to put the vehicle in park and restart the vehicle. Plaintiff brought the vehicle to Berglund Luxury of Lynchburg on October 6,

2023, and the vehicle has been there since. As of the filing of this lawsuit the vehicle has been out of service due to repair attempts for forty- eight days and continuing.

## COUNT ONE – VIOLATION OF THE VIRGINIA MOTOR VEHICLE WARRANTY ACT

7. The facts alleged in Paragraphs 1-10 are re-pled and incorporated herein by reference.

8. Plaintiff is a consumer as defined by the Virginia Motor Vehicle Warranty Enforcement Act (hereafter referred to as the "Virginia Lemon Law") Virginia Code § 59.1-207.11 et seq.

9. Defendant is a manufacturer as defined by Virginia Code § 59.1-207.11 et seq, and has received due notice under the same statute.

10. The Virginia Lemon Law requires a manufacturer to *"make such repairs as are necessary to conform the vehicle to such warranty"* that are provided to the consumer. Defendant has been unable to repair Plaintiffs vehicle after a reasonable number of repair attempts. Specifically, Virginia Code § 59.1-207.13(B)(3) provides that *"It shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to any warranty and that the motor vehicle is significantly impaired if during the period of eighteen months following the date of original delivery of the motor vehicle to the consumer... the motor vehicle is out of service due to repair for a cumulative total of thirty calendar days."* The Plaintiffs vehicle has been out of service for a cumulative total of forty-eight calendar days and continuing and is therefore presumed to have been subject to repair a reasonable number of attempts and is significantly impaired in its use, market value, and safety.

11. Virginia Code § 59.1-207.13(B)(2) states that if the nonconformity or defect is a serious safety defect and has been subject to repair one or more times and the same nonconformity continues to exist it is presumed the vehicle has been subject to repair a reasonable number of times and the motor vehicle is significantly impaired and unfit, unreliable, and unsafe for ordinary use or reasonable intended purposes. BMW of North America, LLC's inability to even attempt repair of this serious safety defect qualifies for the presumptions under the Act.

### COUNT TWO– MAGNUSSON-MOSS WARRANTY ACT

12. The facts alleged in Paragraphs 1-10 are incorporated herein by reference.

13. Plaintiff Kristin Armbrust is a consumer as Code § 2301(3). The Defendant is a supplier and warrantor as defined in 15 U.S. Code § 2301(4)-(5). The subject vehicle is a consumer product as defined in 15 U.S. Code § 2301(1). defined in 15 U.S. The Vehicle was manufactured after July 4, 1975, and an express Limited Warranty and an implied Warranty of Merchantability were given to the Plaintiffs as a part of the purchase as those warranties met the definition of written warranty and implied warranty as contained in 15 U.S. Code § 2301(6)-(7), respectively.

14. The Limited Warranty has failed its essential purpose and the Defendant has violated the Act due to its inability to repair or replace the nonconformities within a reasonable time and has refused to provide the Plaintiff with a refund as required in 15 U.S. Code § 2304(a)(1) and (4).

15. The Defendant has also breached its implied Warranty of Merchantability since the vehicle, in view of the nonconformity that exists, and the Defendant's inability to

correct them, is not fit for its ordinary purpose for which the vehicle is being used. 28 U.S. Code § 2308, 2310(d).

16. As a proximate result of the Defendant's violations of the Magnuson-Moss Warranty Act and breach of its warranties, the Plaintiff has been damaged for which the Defendant is responsible. See, 15 U.S. Code § 2304(a) and 2310(d).

17. Plaintiff seeks to recover as damages the purchase price of the vehicle, purchase price, as well as all finance charges, incidental costs, compensation in the amount of $10,000.00 for inconvenience and loss of use, reasonable attorney fees in the amount of one-third of the amount received, or $600 per hour, whichever is greater, expert witness fees, and court costs. See, Virginia Code § 59.1-207.14.

WHEREFORE, Plaintiff Kristin Armbrust moves the Court for judgment against BMW of North America, LLC in the amount of the purchase price of the subject vehicle $90,587.28, as well as all incidental costs, compensation in the amount of $10,000.00 for inconvenience and loss of use, interest payments, reasonable attorney fees in the amount of $600 per hour, or one-third of the amount recovered, whichever of the two is greater, expert witness fees, pre-judgment interest running from the date of the first repair attempt, post-judgment interest, court costs, and all other damages, equity and/or law may seem meet.

**TRIAL BY JURY IS DEMANDED.**

Respectfully Submitted,

KRISTIN ARMBRUST

By: *(signature)*

                                                                       [{/}]     Of Counsel

, , (VSB #28125 )
James B. Feinman & Associates

- 434-846-7603
- 434-846-0158

*Counsel for Plaintiff*